UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYSON ROLLING,

    Plaintiff,

    v.                                                 CAUSE NO.: 3:18-CV-158-JD-MGG

ROBERT E. CARTER,

    Defendant.

## OPINION AND ORDER

Bryson Rolling, a prisoner without a lawyer, alleges he was denied visitation privileges with his minor child due to a prior sex offense conviction. He seeks injunctive relief so he can visit with his son. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rolling was convicted on charges of child molestation in 2010, for which he was sentenced to five years in prison and required to register as a sex offender. ECF 2 at 2. His sentence also included a rehabilitation program for sex offenders, which he completed. *Id.* In 2016, he was convicted on charges of aggravated battery and sentenced to ten years in prison, which he is now serving at Miami Correctional Facility.

There, he requested visitation privileges with his minor child and was denied due to his previous sex offense. *Id.* Department of Correction policy 02-01-102 places a "Visitor-Minor Restriction" on offenders who have been convicted of a sex offense involving a child, even if that is not the offense for which they are currently committed.[1] Rolling claims the application of the prison's policy here violates his constitutional rights, and he seeks an injunction ordering the defendants to allow him visitation privileges with his son.

Prisoners retain "a limited constitutional right to intimate association," and prison officials may violate the Constitution by "permanently or arbitrarily denying an inmate visits with family members" without balancing the prisoner's interests against legitimate penological objectives. *Easterling v. Thurmer*, 880 F.3d 319, 322–23 (7th Cir. 2018) (citing *Overton v. Bazzetta*, 539 U.S. 126 (2003); *Turner v. Safley*, 482 U.S. 78 (1987)). Thus, "a prisoner—even a sex offender—who alleges that a permanent ban on visits with his minor children has no legitimate justification states a valid constitutional claim." *Id.*

In determining whether a prison policy is constitutional, courts must consider four factors: (1) whether a rational connection exists between the prison policy and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other

---

[1] IDOC policy 02-01-102-XXI, available at http://www.in.gov/idoc/files/02-01-102_AP_Offender_Visitation__8-1-2013.pdf.

2

prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights. *Overton*, 539 U.S. at 132 (citing *Turner*, 482 U.S. at 89–91, 107).

The interest Rolling asserts "is an important one." *Harris v. Donohue*, 175 Fed. App'x 746, 747 (7th Cir. 2006), *cited in Easterling*, 880 F.3d at 322–23 (restating the *Harris* holding, "this time in a published opinion"). "In the prison context, courts have observed that visitation may significantly benefit both the prisoner and his family." *Id.* In *Harris*, the Seventh Circuit addressed a challenge nearly identical to Rolling's. It held dismissal at the screening stage to be premature because "the defendants were never required to explain the basis for their no-visitation policy," as required for the policy to be upheld under the *Overton* and *Turner* factors. *Id.* at 748. The same is true here. Rolling states a claim for injunctive relief against Commissioner Robert E. Carter in his official capacity. The remaining defendants will be dismissed, as it is clear the Commissioner has the required authority to provide the relief sought, and it is unnecessary to have more than one official-capacity defendant.

Next, Rolling seeks an "immediate injunction" against the policy. ECF 4 at 4. This request is construed as a motion for a preliminary injunction. To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*,

3

735 F.3d 654, 665 (7th Cir. 2013). As discussed above, Rolling's likelihood of success on the merits depends on whether the visitation policy may be upheld under the *Turner* factors. Thus, the Department must put forth its reasons for the policy prior to a disposition of this motion.

For these reasons, the court:

(1) GRANTS Bryson Rolling leave to proceed against Robert E. Carter in his official capacity for injunctive relief for denying him visitation with his minor child pursuant to IDOC policy 02-01-102;

(2) DISMISSES Defendants William Wilson, Riggle, and Sheron Hawk;

(3) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process on Robert E. Carter with a copy of this order and the Complaint (ECF 2);

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Robert E. Carter respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(5) ORDERS Robert E. Carter to separately respond to Plaintiff's motion for a preliminary injunction when he files his response to the complaint.

SO ORDERED on March 13, 2018.

                                                /s/ JON E. DEGUILIO
                                                JUDGE
                                                UNITED STATES DISTRICT COURT