UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYSON ROLLING,

    Plaintiff,

    v.

ROBERT E. CARTER,

    Defendant.

CAUSE NO.: 3:18-CV-158-JD-MGG

OPINION AND ORDER

Bryson Rolling, a prisoner without a lawyer, was granted leave to proceed against Commissioner Robert E. Carter in his official capacity for injunctive relief for denying him visitation with his minor child pursuant to IDOC policy 02-01-102. The defendant filed a summary judgment motion (ECF 26) arguing that the undisputed material facts entitle him to judgment as a matter of law. Rolling received notice of the consequences of failing to respond to the motion (ECF 25), but he did not file a response.

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Substantive law determines which facts are material; that is, which facts might affect the outcome of the

suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable fact finder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

The following facts are undisputed. Rolling's criminal history includes two counts of child molesting. (ECF 26-2 at 1.) He took his thirteen-year-old victim to his apartment on two separate occasions. (*Id.* at 3.) On one of these occasions, he forced her to perform oral sex by holding her head down. (*Id.*) Following the crime, Rolling was released on bond and a no-contact order was in place. (*Id.* at 4-5.) He violated that order by making contact with the victim. As a result, he was charged with invasion of privacy and later convicted. (*Id.* at 2, 6-7.) He fully served his sentences related to the child

molestation and invasion of privacy convictions. However, in 2016, he was incarcerated awaiting trial on other charges when he viciously beat another detainee. (*Id.* at 10-11.) He was convicted of battery resulting in serious bodily injury and sentenced to ten years of incarceration. (*Id.* at 12.) He is currently serving that sentence.

In May of 2017, Rolling asked for visitation with his minor son, who was approximately one year old at the time. (*Id.* at 22-23.) J. Koons, a correctional caseworker, initially denied Rolling's request because Rolling had a prior sex offense and "the victim was under the age of 18 and unable to consent." (*Id.* at 22.) A review of this recommendation was conducted by Tracy Berry on July 10, 2017 (*Id.* at 18-21), and the visitation request was denied because, pursuant to the IDOC's policy, he "was discharged from supervision less than ten years from the current commitment."[1] (*Id.* at 20.)

The Indiana Department of Correction's policy provides that sex offenders with minor victims are initially denied visitation, subject to further review. Indiana Department of Correction's Offender Visitation Policy and Administrative Procedure 02-01-102, available at https://www.in.gov/idoc/files/02-01-102%20AP%20Offender%20Visitation%20%2010-1-2016.pdf (last visited August 28, 2019)(hereinafter "Offender Visitation Policy"). Under the policy, a restriction on minor visitation or "VMR" is "based upon an offender's current or prior adjudication or

---

[1] The report indicates that Rolling was discharged from parole supervision for his child molestation conviction on August 12, 2016, less than one year before this review occurred. (ECF 26-2 at 21.)

conviction for a sex offense involving a minor." *Id.* at 4. VMR offenders "may be denied visits with minors." (*Id.*) These offenders are assessed upon intake at the Reception and Diagnostic Center and assessed again when they arrive at their housing facility. (*Id.* at 29-32.) Rolling was housed at Miami Correctional Facility, and (as noted previously) an evaluation took place there in May of 2017. (ECF 26-2 at 22-23.)

Under the IDOC's policy, if denied minor visitation, the offender can request a case review. Offender Visitation Policy at 32. If a case review is requested, the superintendent or his designee is required to send the case review, probable cause affidavit, pre-sentence investigation, and any other pertinent documentation regarding the reason for the restriction to the SOMM Program Director. (*Id.*) The SOMM Program Director then completes a review and determines if the Unit Team's decision should be altered. (*Id.*) Here, the SOMM Program Director reviewed Rolling's request on July 10, 2017, but concluded that the VMR restriction should not be lifted at that time. (ECF 26-2 at 18-21). Under the policy, Rolling may request another review in one year.[2] Offender Visitation Policy at 34.

As noted in this court's screening order, prisoners retain "a limited constitutional right to intimate association," and prison officials may violate the Constitution by "permanently or arbitrarily denying an inmate visits with family members" without balancing the prisoner's interests against legitimate penological objectives. *Easterling v. Thurmer*, 880 F.3d 319, 322–23 (7th Cir. 2018) (citing *Overton v. Bazzetta*, 539 U.S. 126

---

[2] While more than two years have passed since the July 10, 2017, review, neither Commissioner Carter nor Rolling have indicated that another review has been requested.

4

(2003); *Turner v. Safley*, 482 U.S. 78 (1987)). Thus, "a prisoner—even a sex offender—who alleges that a permanent ban on visits with his minor children has no legitimate justification states a valid constitutional claim." *Id.* The interest Rolling asserts "is an important one." *Harris v. Donohue*, 175 Fed. App'x 746, 747 (7th Cir. 2006), *cited in Easterling*, 880 F.3d at 322–23 (restating the *Harris* holding, "this time in a published opinion"). "In the prison context, courts have observed that visitation may significantly benefit both the prisoner and his family." *Id.*

Four factors must be considered in determining whether a prison policy is constitutional: "whether the regulation has a 'valid, rational connection' to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are 'ready alternatives' to the regulation. *Overton*, 539 U.S. at 132 (citing *Turner*, 482 U.S. at 89–91, 107). Of these four factors, the first factor "can act as a threshold factor regardless which way it cuts." *Singer v. Raemisch*, 593 F.3d 529, 534 (7th Cir. 2010). "Where …. there is only minimal evidence suggesting that a prison's regulation is irrational, running through each factor at length is unnecessary." *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). Furthermore, because Rolling is challenging the reasonableness of the prison's policy, the burden of proving the policy is invalid rests with him. *Singer*, 593 F.3d at 534. And, while the Court's evaluation of a motion for summary judgment requires that all reasonable inferences as to disputed facts be drawn in Rolling's favor, inferences related to disputed matters of *professional judgment* are treated differently. *Id.* The court "must

accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish then." *Id.* (quoting *Overton*, 539 U.S. at 132).

Here, counsel asserts that the IDOC's policy is intended to protect children from being victimized. (ECF 27 at 6-7.) Rolling does not dispute this, and it is therefore considered undisputed pursuant to Federal Rule of Civil Procedure 56(e)(2). There is a rational relationship between the policy and the asserted goal of protecting children, and the court must defer to that professional judgment in the absence of other evidence. Thus, the first and arguably most important of the *Turner* factors weights in favor of granting summary judgment. *See Doe v. Donahue*, 829 N.E.2d 99, 110 (Ind. Ct. App. 2005)(concluding that a similar version of the IDOC policy "bears a rational relationship to a legitimate penological interest.").

Consideration of the other factors does not warrant a contrary result. There is no suggestion in the record that Rolling is prohibited from communicating with his son by way of telephone or mail. While Commissioner Carter has not produced evidence outlining any specific additional burdens on staff that would result from permitting Rolling visitation with his son, some additional burden would surely result from the need to provide appropriate supervision. And, while there may be alternatives to the policy that would strike a better balance between the government's interest in protecting children and Rolling's interest in visitation with his son, Rolling has not proposed an alternative. *See Id.* (granting summary judgment where inmates suggested

that non-contact visits were an appropriate alternative and noting that "merely presuming that a cost would be de minimis does not make it so, nor does it satisfy the Prisoners' burden to demonstrate a genuine issue of material fact sufficient to defeat the trial court's grant of summary judgment."). Furthermore, while it is possible that Rolling will not be permitted visitation with his son throughout his period of incarceration, the ban on visitation is not necessarily a permanent one – it is subject to review after one year. Offender Visitation Policy at 34. Rolling has pointed to no evidence that would permit him to prevail on the merits if he were permitted to proceed to trial on his claim that the ban from visitation with his minor son is unconstitutional. Because there are no genuine disputes of material fact, the court must grant Commissioner Carter's summary judgment motion.

For these reasons, the court GRANTS the defendant's motion for summary judgment (ECF 26). This case is DISMISSED with prejudice.

SO ORDERED on August 30, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT